UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11861-RGS

RUSSELL HOLLOWAY

v.

PENNFED CREDIT UNION

MEMORANDUM AND ORDER

August 17, 2023

For the reasons set forth below, the court dismisses this action for lack of subject matter jurisdiction.

BACKGROUND

On August 14, 2023, Russell Holloway ("Holloway"), a resident of Quincy, Massachusetts, filed a *pro se* complaint against PennFed[1] Credit Union, located in Tyson, Virginia.  See Doc. No. 1.  Plaintiff alleges that he financed his car through the defendant credit union.  Id. at p. 6.  Holloway states that he hasn't paid his "car note this month (Aug) 23 because [Holloway] can't access [his] account."  Id.  Holloway states that he never

---

[1] Holloway misspells the Defendant's name as PennFed Credit Union. The correct abbreviation for the Pentagon Federal Credit Union is PenFed. See https://www.penfed.org/about-penfed (last visited Aug. 17, 2023).

missed a payment and that recently the defendant was unable "to verify [Holloway's identity because he] forgot his password." *Id.* Holloway states that he filed "a small clam suit in Quincy Municipal Court that was dismissed without [Holloway] knowing or appearing in court." *Id.* at p. 6 – 7. For relief, Holloway seeks to have the court verify his identify with his driver's license at a federal court hearing. *Id.* at p. 7.

With his complaint, Holloway filed an Application to Proceed in District Court without Prepaying Fees or Costs. *See* Docket No. 2. Because this action is being dismissed for lack of subject matter jurisdiction, no action will be taken on Holloway's Application.

STANDARD OF REVIEW

A court has an obligation to inquire *sua sponte* into its own jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994))  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see *id.* at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. *See id.* at § 1332(b).

Because Holloway is proceeding *pro se*, the court must construe his complaint liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014).  "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

3

DISCUSSION

Plaintiff's complaint fails to assert a basis for the court to exercise federal question jurisdiction. Construing Holloway's allegations generously, the court finds that the complaint fails to provide a basis for the exercise of federal question jurisdiction. On the pre-printed complaint form, Holloway checked the box indicating "federal question" jurisdiction. Compl. at ¶ II (basis for jurisdiction). He left blank the section of the complaint form requesting the specific federal statutes or laws that are at issue in this case. *Id.* at ¶ II(A) (if the basis for jurisdiction is a federal question). Plaintiff's claim, which can broadly be construed as a breach of contract claim, does not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Because the court does not have federal question jurisdiction, it can only adjudicate Holloway's claim if it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, Plaintiff asserts that he is a citizen of Massachusetts and that Defendant is a citizen of Virginia, and accordingly, there appears to be complete diversity between the parties. However, the complaint is silent as to the amount in controversy.

The complaint does not allege that the amount in controversy exceeds $75,000. Thus, this court does not have jurisdiction over the instant action based upon diversity jurisdiction.

## ORDER

Accordingly, for the reasons stated herein, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE